UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

ROBERT SCHWARTZ,                 Case No. 10-71142-MBM
                                                         Chapter 11
                Debtor.                        Hon. Marci B. McIvor
_____/

## OPINION DENYING CREDITOR PAMELA LIGGETT'S MOTION FOR RECONSIDERATION

Pamela Liggett filed this Motion for Reconsideration seeking reconsideration and/or relief from the Order Confirming Debtor's Chapter 11 Plan entered on November 5, 2012. For the reasons set forth below, Pamela Liggett's Motion for Reconsideration is DENIED.

I.

FACTUAL BACKGROUND

On August 28, 2012, Debtor filed a Combined Plan of Reorganization and Disclosure Statement. On September 24, 2012, Liggett filed her Request for Inclusion of Information in Disclosure Statement, which was essentially an objection to the Disclosure Statement. On October 12, 2012, Liggett filed an Objection to Final Approval of the Combined Plan and Disclosure Statement filed on August 28, 2012. On October 15, 2012, Liggett filed another document entitled Objections to Final Approval of the Combined Plan and Disclosure Statement. On October 18, 2012, the IRS filed an Objection to Confirmation of Plan. On October 23, 2012, this Court held a confirmation hearing. At that hearing, this Court overruled Liggett's objections to confirmation and

adjourned the IRS's objections to confirmation. On November 2, 2012, Debtor and the IRS resolved the IRS's objections to Debtor's Plan. On November 5, 2012, this Court entered an "Order Confirming the Combined Plan of Reorganization and Disclosure Statement of Robert L. Schwartz under Chapter 11 of the Bankruptcy Code and Approving Disclosure Statement".

On November 16, 2012, Liggett filed this Motion for Reconsideration. In her Motion for Reconsideration, Liggett raises four issues which she believes merit reconsideration of this Court's Order Confirming Debtor's Plan: (1) Debtor's Plan improperly classified Liggett's claim as unimpaired; (2) the Plan provides for the discharge and release of Liggett's claim against Debtor upon completion of the Plan; (3) the Plan contains language enjoining Liggett from attempting collection on her non-dischargeable debt during the course of the Plan; and (4) the Plan impermissibly denies Liggett interest on her claim. The portions of the Plan Liggett has identified as objectionable are attached as Appendix 1.

For the reasons set forth below, this Court denies Liggett's Motion for Reconsideration.

II.

ANALYSIS

Under L.B.R. 9024-1 (E.D.M.), a motion for reconsideration should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect *and* that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.

2

The Motion for Reconsideration filed in this case does not demonstrate that this Court has been misled by a palpable defect *and* that a different disposition of the case must result from a correction of such palpable defect. With respect to Liggett's argument that her claim was improperly classified during the confirmation process, this Court considered that argument and, nonetheless, confirmed Debtor's Plan.[1] Liggett's claim is being paid in full over the life of Debtor's Plan and is, therefore, not impaired. With respect to this argument, this Court finds that, Liggett has not demonstrated that the Court and the parties were misled by a palpable defect. Therefore, this Court DENIES Debtor's Motion for Reconsideration of this Court's Order Confirming Plan on this ground.

The remaining issues raised in this Motion for Reconsideration were not previously raised in either Liggett's Objections to Confirmation filed on October 12, 2012 and October 15, 2012 or during her argument at the confirmation hearing held on October 23, 2012. Since the issues were never raised during the confirmation process, this Court never ruled on the issues. Liggett cannot now argue that this Court was misled or that the Court ruled incorrectly on issues never presented to the Court. Liggett, through a new attorney (her fourth), is raising issues she did not raise prior to confirmation. New arguments do not present grounds for granting Liggett's Motion for

---

[1]This Court views this argument as another attempt by Liggett to re-litigate the amount of her claim. While a final order with respect to Claim No. 24 has not been entered, this Court has previously determined the value of Claim No. 24 is $60,485.10. A final order has not yet been entered because the parties disagree on the exact date to fix the amount of the claim. Depending on the date agreed to by the parties, the maximum amount the claim would increase is $4,000. This amount is not enough to fracture the Plan.

Reconsideration.

This Court finds that there are no grounds for reconsideration of its Order Confirming Plan.  However, even if Liggett had raised the objections to Debtor's Plan which she now asserts in her Motion for Reconsideration, those objections have no merit and would not have been sustained by this Court.

Liggett's first post-confirmation argument is that the Plan improperly "provides for the complete and unconditional discharge and release of any and all claims that Ms. Liggett may have against either the Debtor or his property of whatsoever kind or nature." (Brief, unnumbered p. 6).  Liggett argues that this provision violates 11 U.S.C. § 1141(d)(2) which states, "A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title."

This Court finds Liggett's argument misplaced.  Individual debtors under chapter 11 are entitled to discharges upon completion of their plans. 11 U.S.C. § 1141(d)(5)(A). Under this Debtor's Plan, Debtor is required to pay Liggett's claim in full over five years. Debtor will not receive a discharge until an order is entered by the Court and after all payments have been made under this Plan.  If Liggett's claim is not paid in full, Debtor will not receive a discharge of Liggett's claim.

Next, Liggett objects to the injunctive provisions of the Plan which prevent her from immediately initiating collection on her claim.  This Court finds that the injunctive language set forth in the Plan is permissible under Sixth Circuit law.  Generally, a confirmation order creates a binding contractual obligation between a debtor and his/her creditors and, so long as debtor makes the payments required by the plan, the creditors

4

cannot pursue collection of the claim. *In re Newstar Energy of Texas, LLC*, 280 B.R. 623, 626 (Bankr. W.D. Mich. 2002)(the provisions of a confirmed chapter 11 plan bind all creditors in accordance with the terms of the plan. § 1141(a).)

Liggett cites *In re Bartleson*, 253 B.R. 75, 80-81 (9th Cir. BAP 2000) for the proposition that a confirmed Chapter 11 plan that provided payment in full of a non-dischargeable debt did not preclude the creditor to whom that debt was owed from exercising collection rights outside the plan against non-plan assets. The case has no applicability to the instant case for two reasons. First, the plan in *Bartleson* did not include any injunctive language precluding creditors from collecting on non-dischargeable claims from non-plan assets. Second, in *Bartleson*, there appeared to exist a pool of assets clearly defined as "non-estate assets". In allowing a creditor holding a non-dischargeable claim to pursue collection against non-estate assets, the court was careful to limit its ruling as follows:

> Under the facts of this case, (1) where Debtor did not specifically include an injunctive provision in his Plan, (2) where Debtor failed to dedicate his Non–Plan Assets to fund the Plan, and (3) where the Creditors did not take any action which should estop them from pursuing collection activity, the panel will follow *DePaolo* and the majority line of cases, and hold that the confirmed plan does not preclude Creditors from collecting their nondischargeable claim outside the bankruptcy.

*Bartleson*, 253 B.R. at 84.

In the instant case, Debtor's confirmed Plan *does contain* injunctive language, and it appears that there are no "non-Plan assets". Debtor is funding his Plan with his income and his Schedules show that his other assets have no equity or are exempt. Therefore, this Court finds that *Bartleson* is not persuasive authority.

Liggett also cites *Boatmen's Bank of Tennessee v. Embry (In re Embry)*, 10 F.3d

401 (6th Cir. 1993) for the proposition that a creditor holding a non-dischargeable debt does not violate the stay when it garnishes debtor's property which was not property of the estate. The *Boatman's Bank* case is completely distinguishable from the instant case. In the *Boatman's Bank* case, the debtor was in a chapter 7 bankruptcy proceeding. The issue was whether a creditor whose claim had been determined to be non-dischargeable violated the automatic stay (11 U.S.C. § 362) when he garnished a bank account which was not an estate asset. The Sixth Circuit Court of Appeals held that, because the debt was determined to be non-dischargeable, even though debtor had not received his general discharge under 11 U.S.C. § 727, the creditor's garnishment did not violate the stay. These facts are totally different from the facts of the instant case. In the instant case, Debtor is in a chapter 11 and his confirmed Plan of Reorganization provides for full payment of Liggett's claim. The *Boatman's Bank* case has no applicability to a Chapter 11 case.

Liggett's final argument is that the Plan violates 11 U.S.C. § 1129(a)(15) because the Plan does not provide for the payment of Liggett's claim with interest. Section 1129(a)(15) states:

> (a) The court shall confirm a plan only if all of the following requirements are met:
>
> > (15) In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan--
> >
> > > (A) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> > >
> > > (B) the value of the property to be distributed under the plan is not less than the projected disposable income of the

6

>                       debtor (as defined in section 1325(b)(2)) to be received
>                       during the 5-year period beginning on the date that the first
>                       payment is due under the plan, or during the period for which
>                       the plan provides payments, whichever is longer.

Liggett argues that Debtor's plan does not comply with 11 U.S.C. §1129(a)(15)(A) because although the plan provides for the payment of her claim in full as of the effective date of the plan, Debtor's plan fails to provide for the payment of interest on the claim. This Court finds that the plain language of § 1129(a)(15)(A) requires only that Liggett receive "the value, *as of the effective date of the plan*" of her claim (emphasis added). The plain meaning of the statute is that the value of an unsecured claim is set as of the effective date of the Plan and that a debtor need only provide for payment of that claim, not for the payment of the claim plus interest over the life of the plan.[2]

The Court notes that § 1129(a)(9)(C) does provide for interest on an unsecured tax claim. Section 1129(a)(9)(C) states:

> (a) The court shall confirm a plan only if all of the following requirements are met:
>
> > (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that--
> >
> >                        *       *       *
> > (C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such

---

[2] A general unsecured creditor would be entitled to interest if debtor's assets were liquidated after the filing of the case, and the value of the liquidated assets created a surplus after claims were paid in full. *See In re David Green Property Management*, 164 B.R. 92 (Bankr. W.D. Missouri 1994). Those facts are not present in the instant case.

7

claim **regular installment payments in cash**--

> (I) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

Courts have held that § 1129(a)(9)(C), entitles the government to interest on its claim so that its aggregate receipts over the payment period will equal the present value of its tax claims. *See, In re Camino Real Landscape Maintenance Contractors, Inc.*, 818 F.2d 1503 (9th Cir. 1987).

In contrast to the language of 11 U.S.C. § 1129(a)(9)(C), 11 U.S.C. §1129(a)(15)(A) only provides that an unsecured creditor receive the value of his/her claim as of the effective date of the plan. The value of Liggett's claim on the effective date of the plan is $60,485.10, plus a possible few thousand dollars. Debtor's confirmed plan will pay the amount of that claim in full. Debtor's plan complies with the requirements of 11 U.S.C. § 1129(a)(15)(A).

### III.
### CONCLUSION

For the reasons set forth above, this Court DENIES Creditor's Motion for Reconsideration of this Court's Order Confirming Plan.

**Signed on December 7, 2012**
.

                                                                  **/s/ Marci B. McIvor**
                                                                 **Marci B. McIvor**
                                                                 **United States Bankruptcy Judge**

# APPENDIX ONE
## Relevant Provisions of the Plan

### Article III
### Classification of Claims and Equity Interests

| Class 2 – Pamela Liggett | Non-dischargeable, unsecured property settlement, one half of an IRA pursuant to the parties Judgment of Divorce, and pursuant to the Order | Claims in Class 2 are approximately $60,485.00. | Unimpaired – Deemed to Accept |
|---|---|---|---|

### Article IV
### Treatment of Claims and Equity Interests

4.2. Class 2 - Pamela Liggett

(a) <u>Impairment and Voting</u>. Class 2 consists of the non-dischargeable claim of Pamela Liggett. This claim consists of a property settlement pursuant to the Judgment of Divorce, awarding Ms. Liggett one half of an IRA account. This claim is not impaired by the Plan, and has been fixed by Order of the Bankruptcy Court, entered on January 31, 2012, Docket No. 152, in Mr. Schwartz's Bankruptcy Case. Each holder of an Allowed Class 2 Claim is deemed to accept the Plan.

(b) <u>Treatment</u>. Pamela Liggett, the only claimant In Class 2, is not impaired, and shall receive in full and complete settlement, satisfaction and discharge of her Claim, Cash payments in equal monthly installments over five years beginning on the First Distribution Date in the amount of $1,500.00.

### Article IX

### Effect of Confirmation

9.3. <u>Discharge of Debtor</u>. Except as may otherwise be provided in the Plan or Confirmation Order, the rights afforded and the payments and Distributions to be made and the treatment under the Plan will be in complete exchange for, and in full and unconditional settlement, satisfaction, discharge, and release of any and all existing debts and Claims of any kind, nature or description whatsoever against Mr. Schwartz and his assets, his property or his estate, and will effect a full and complete release, discharge, and termination of all Liens, security Interests, or other Claims, Interests, or encumbrances upon all of Mr. Schwartz's assets and property. Further, all Persons are precluded from asserting, against any property of Mr. Schwartz, or any Property that is to be distributed under the terms of the Plan, any Claims, obligations, rights, Causes of Action, or liabilities based upon any act, omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, other than as expressly provided

for in the Plan or Confirmation Order, whether or not the holder of a Claim based upon such debt has accepted the Plan and whether or not such holder is entitled to a distribution under the Plan.

Mr. Schwartz shall not receive a discharge until an order is entered by the Court and after all payments have been made under this Plan, unless Mr. Schwartz files a motion pursuant to 11 U.S.C. 1141(5)(A) or (B) to seek discharge prior to completion of the Plan.

9.4. <u>Injunction</u>. Except as may otherwise be provided in the Plan or Confirmation Order, all Persons who have held, hold or may hold Claims against Mr. Schwartz are, with respect to any such Claims, permanently enjoined from and after the Confirmation Date, from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan): (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting Mr. Schwartz or any of his property; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against Mr. Schwartz or any of his property; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against Mr. Schwartz or any of his property; or (d) prosecuting or otherwise asserting any right, claim or Cause of Action released pursuant to the Plan.

Except as otherwise specifically provided in the Plan, nothing in the Plan will be deemed to waive, limit, or restrict in any way the discharge granted to Mr. Schwartz upon Confirmation of the Plan by Section 1141 of the Bankruptcy Code.