UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

ROBERT SCHWARTZ,  Case No. 10-71142-MBM
 Chapter 11
        Debtor.  Hon. Marci B. McIvor
_____/

## OPINION AND ORDER GRANTING DEBTOR'S MOTION FOR ORDER COMPELLING CREDITOR TO AGREE TO FIX CLAIM NO. 24

On October 23, 2012, this Court held a hearing on Debtor's objection to the claim of Pamela Liggett (Claim No. 24)[1]. The Court sustained Debtor's objection to the claim. The Court allowed Liggett's claim in the amount of $60,485.10. Because Debtor and Liggett could not agree on whether Liggett was entitled to additional interest on the claim, the Court requested that the parties brief the issue. The Court stated that it would enter an order fixing the exact amount of the claim after the parties briefed the issue.

On November 20, 2012, Debtor filed his "Motion for Order Compelling Creditor to Agree to Fix Claim #22 (which has now been replaced by Claim No. 24) without statutory interest. On December 6, 2012, Creditor Liggett filed a Response.

The only issue before this Court is whether Creditor Liggett is entitled to interest on Claim No. 24, previously allowed in the amount of $60,485.10.

This Court finds that the plain language of § 1129(a)(15)(A) requires only that Liggett receive "the value, *as of the effective date of the plan*" of her claim (emphasis

---

[1] Claim No. 24 filed by Liggett in Schwartz's Chapter 11 case replaces Claim No. 22 filed by Liggett in Schwartz's Chapter 13 case.

added). The plain meaning of the statute is that the value of an unsecured claim is set as of the effective date of the Plan and that a debtor need only provide for payment of that claim, not for the payment of the claim plus interest over the life of the plan.

In this case, an Order Confirming Debtor's Chapter 11 Plan of Reorganization and Approval of Disclosure Statement was entered on November 5, 2012. The Plan sets its Effective Date as "a date that is no more than 30 days after the Chapter 11 Confirmation Order is entered." (Plan § 1.1.23). Therefore, this Court finds that Claim No. 24 must be valued as of December 5, 2012. In addition, Claim No. 24 is increased by $667.50 to account for Creditor Liggett's share of the Petrohawk stock. Therefore:

IT IS HEREBY ORDERED THAT, on or before December 17, 2012, Debtor shall provide this Court with the calculation of the value of the Independence One IRA as of December 5, 2012. Upon receipt of that information, this Court will enter an order with respect to the amount of Liggett's Claim No. 24.

Signed on December 10, 2012

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge